UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of

PJSC "URALSIB BANK",

For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings

Case No. 21 Misc. 519

# [PROPOSED] ORDER GRANTING APPLICATION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

THIS CAUSE came before the Court upon the Application of PJSC "URALSIB BANK", as claimant in the pending proceeding against Denis D. Smyslov ("Mr. Smyslov") before the Commercial Court of the Rostov Region, in Russia ("Russian Proceedings"), for Judicial Assistance Pursuant to 28 U.S.C. § 1782. The Court, having considered the Section 1782 Application, the Memorandum of Law, the Declaration of Dmitry I. Bogorodsky and accompanying Exhibits, and the Declaration of Berenice Le Diascorn and accompanying Exhibits, and otherwise being fully advised in the premises, finds as follows:

    A.    Applicant has met the requirements under 28 U.S.C. § 1782 for granting the requested judicial assistance and relief.

    B.    For purposes of the instant Application, the following financial institutions and corporate entities reside or are found in the Southern District of New York: Citibank, N.A.; The Bank of New York Mellon; Société Générale, New York Branch; HSBC Bank USA, N.A.; BNP Paribas USA; JPMorgan Chase Bank, N.A.; Barclays Bank PLC; Deutsche Bank Trust Co. Americas; The Bank of Nova Scotia, New York Agency; UBS AG; Bank of America, N.A.; Standard Chartered Bank US; Commerzbank AG, New York Branch; The Clearing House Payments Company, LLC; PayPal, Inc.; and MoneyGram Payment Systems, Inc. (together the "Respondents").

C. The documentary and testimonial discovery sought through this Application is for use in proceedings pending before a foreign tribunal.

D. The Applicant is an interested person within the meaning of the statute, in its capacity as creditor in the foreign proceeding.

E. The discretionary factors, as described by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.* (542 U.S. 241, 247 (2004)), weigh in favor of granting the requested assistance.

F. More particularly: (1) the Respondents are not expected to become parties to the Russian Proceedings, thus, the need for this discovery is more apparent; (2) there is no indication that the foreign tribunal would not be receptive to U.S. federal-court judicial assistance as requested in the Application; (3) the Application does not conceal an attempt to circumvent foreign proof-gathering restrictions; and (4) the Application seeks discovery that is not unduly intrusive or burdensome as the Application requests evidence of the type normally produced by financial institutions or corporate entities as third parties or parties in litigation.

Accordingly, it is hereby **ORDERED** and **ADJUGED** as follows:

1. The Application is **GRANTED**.

2. Any Discovery taken pursuant to this Order will be governed by the Federal Rules of Civil Procedure.

3. The Applicant's request for leave to conduct discovery including, but not limited to, leave to serve subpoenas in substantially similar form as the form attached to the Application and to take testimony is **GRANTED**.

4. The Applicant's request to be appointed as the person with the power to administer any necessary oath and take testimony or a statement is **GRANTED**.

5. The Respondents are ordered to preserve all relevant and potentially relevant evidence in their possession, custody or control until such time as Applicant communicates to them that the preservation is no longer necessary or until further order of this Court.

6. Applicant is further authorized to issue and serve additional follow-up subpoenas on the Respondents or third parties as may be necessary to obtain the documentary and testimonial evidence for use in the Russian Proceedings.

7. Applicant is not required to serve the Application upon Mr. Smyslov, the Discovery Targets, as defined in the Declaration of Dmitry I. Bogorodsky, and the Respondents.

8. Applicant is not required to serve this Order or subpoenas to the Respondents upon Mr. Smyslov and the Discovery Targets.

9. Nothing in this Order should be construed to prevent or otherwise foreclose Applicant from seeking modification of this Order or leave of Court to serve any additional subpoena on a person or entity.

10. By **September 23, 2021**, and every **thirty days** thereafter, Applicant shall file a letter per the Individual Rules apprising the court of the status of discovery pursuant to this Order.

SO ORDERED

Dated:  August 23, 2021
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE